IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
DEC 12 2014
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

CHESAPEAKE BAY DIVING, INC.,

  Plaintiff,

v.

                   Civil Action No. 2:13cv640

DELTA DEMOLITION GROUP, INC.
 and

LEE CHAKLOS,

  Defendants.

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Default Judgment ("Motion"), Doc. 17, as to Defendant Lee Chaklos only ("Defendant" or "Chaklos"). For the reasons stated herein, the Court **GRANTS** the Motion.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 18, 2013, Plaintiff Chesapeake Bay Diving, Inc. ("Plaintiff" or "Chesapeake") filed a Verified Complaint alleging that Defendants Delta Demolition Group, Inc. ("Delta") and Chaklos (collectively "Defendants") breached a maritime contract by failing to pay for diving services in relation to a salvage operation for the barge BECKY THATCHER. Defendants were served on December 9, 2013. Am. Compl. ¶¶ 9–14. Neither Defendant filed an answer after being served. Accordingly, the Clerk entered default against the Defendants on February 11, 2014. Doc. 7.

Plaintiff filed its first Motion for Default Judgment on March 5, 2014. Doc. 8. Plaintiff

1

then filed an Amended Complaint on May 7, 2014. Doc. 11. On May 8, 2014, the Court removed the entries of default and dismissed the first Motion for Default Judgment without prejudice. Doc. 12. The Clerk entered default against Defendant Chaklos on June 17, 2014.[1] Doc. 16. A second Motion for Default Judgment ("Motion"), against Defendant Chaklos only, was filed on June 24, 2014. Doc. 17. Chaklos has failed to respond, nor has he entered an appearance in this action.

The Amended Complaint alleges that Chaklos is the president and principal owner of Defendant Delta. Am. Compl. ¶ 4. Plaintiff alleges that Chaklos promised he would make certain that Plaintiff would get paid if Plaintiff would forgo legal action against Delta, as he was waiting for investor money. Id. ¶ 24. Plaintiff alleges these promises were made in a personal capacity. Id. ¶¶ 25, 28–30. Count One alleges a breach of maritime contract against both Defendants. Am. Compl. ¶¶ 15–19. Count Two alleges a breach of promise claim against Defendant Chaklos only. Id. ¶¶ 20–30.

## II. Legal Standard

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment. Subsection (a) of Rule 55 calls for an entry of default when a party has failed to file a responsive pleading "or otherwise defend" the action within the applicable time limit. Fed. R. Civ. P. 55(a). The entry of default does not automatically entitle a party to a default judgment; rather, subsection (b) requires the court's final action following entry of default by the Clerk under subsection (a). Fed R. Civ. P. 55(b). The decision whether or not to grant a motion for default judgment rests in the sound discretion of the court. See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980). Further, "[D]efendant, by his default, admits the plaintiff's

---

1 Defendant Delta is in bankruptcy, and thus this litigation is subject to the automatic stay.

well-pleaded allegations of fact[.]" Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975)). However, the Court is still required to "determine whether the well-pleaded allegations in [the] complaint support the relief sought in this action." Ryan, 253 F.3d at 780.

### III. ANALYSIS

Plaintiff is asking the court to enter judgment against Defendant Chaklos in the amount of $40,275.00, $50 in costs, and with post-judgment interest thereafter. Doc. 17 at 3.

In order for the Court to enter judgment it must have jurisdiction. As the amount in controversy in this matter is not sufficient to establish diversity jurisdiction, the contract in question must be a maritime contract. Contracts like the one in this case have routinely been held to be maritime contracts so as to implicate the Court's admiralty jurisdiction. See, e.g., Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel or Vessels, 636 F.3d 1338, 1340 (11th Cir. 2011) (finding contract to provide research to assist the recovery of a sunken vessel to be maritime); Williamson v. Recovery Ltd. P'ship, 542 F.3d 43, 49 (2nd Cir. 2008) (finding a contract related to the recovery of a shipwreck to be a maritime commercial venture); Cont'l Cas. Co. v. Canadian Universal Ins. Co., 605 F.2d 1340, 1343 (5th Cir. 1979) (finding a contract for diving services to be a maritime contract). Count Two, the breach of promise claim, is properly before the Court pursuant to the Court's supplemental jurisdiction. 28 U.S.C. § 1367(a).

#### a. Count One

Count One alleges a breach of contract against both Defendants. The Complaint states that Chaklos is the President and principal owner of Delta, and acts as the Chief Operating Officer. Am. Compl. ¶ 4. Count One contains no allegations that Chaklos acted outside of his scope as an officer of Delta. The invoices sent by Plaintiff are directed only to Defendant Delta. Id. Ex. A.

Thus, it would appear that Chesapeake needs to pierce the corporate veil to hold Chaklos liable on the contract under Count One.

Under the alter ego doctrine, the corporate veil can be pierced to hold shareholders liable for the debts of the corporation. Dry Handy Inves., Ltd. v. Corvina Shipping Co. S.A., 988 F. Supp. 2d 579, 582 (E.D. Va. 2013). Decisions to pierce the corporate veil must be taken cautiously. Id. The Fourth Circuit has laid out several factors to consider in making this decision:

> gross undercapitalization, insolvency, siphoning of funds, failure to observe corporate formalities and maintain proper corporate records, non-functioning of officers, control by a dominant stockholder, and injustice or fundamental fairness[,] ... intermingling of funds; overlap in ownership, officers, directors, and other personnel....

Vitol, S.A. v. Primerose Shipping Co. Ltd., 708 F.3d 527, 544 (4th Cir. 2013) (citations and internal quotation marks omitted). Only in extraordinary cases, such as where the corporate form is being used for an improper purpose, will the corporate entity be disregarded. Dry Handy Inves., 988 F. Supp. 2d at 583. Neither the Amended Complaint, nor the Motion, contains any allegations allowing the Court to conduct an inquiry into whether the corporate veil should be pierced in this case. Thus, the Court cannot enter default judgment against Chaklos as to Count One.

### b. Count Two

However, as to Count Two, Plaintiff has pled enough allegations, that Chaklos is deemed to have admitted, allowing the Court to enter judgment against Chaklos. The Amended Complaint states that Chaklos personally guaranteed on several occasions that he would ensure that Chesapeake was paid. Am. Compl. ¶¶ 23–29. Thus, based on the allegations in the Complaint, it appears that at the very least, an oral contract for a guarantee was entered into.

However, Plaintiff's breach of promise theory would seem to implicate the Statute of Frauds. A guarantee to pay a maritime contract is not a maritime contract. See Pierside Terminal Operators, Inc. v. M/V Floridian, 423 F. Supp. 962, 969–70 (E.D. Va. 1976) ("A contract of indemnity, even where it be for default in the performance of a maritime service, is not essentially maritime in character[.]"); see also Kossick v. United Fruit Co., 365 U.S. 731, 735 (1961) ("an agreement to pay damages for another's breach of a maritime charter" is not a maritime contract). Thus, because all of the acts involved in making the promise allegedly occurred in Virginia, and the performance was to occur in Virginia, this breach of promise claim is governed by Virginia law. See Hunter Innovations Co. v. Travelers Indem. Co. of Connecticut, 753 F. Supp. 2d 597, 602 (E.D. Va. 2010) ("Under well-established Virginia choice-of-law rules, the nature, validity, and interpretation of a contract is governed by 'the law of the place where made.'") (quoting Lexie v. State Farm Mut. Auto Ins. Co., 469 S.E. 2d 61, 63 (Va. 1996)).

The Virginia Statute of Frauds requires a signed writing to enforce a contract "charg[ing] any person upon a promise to answer for the debt, default, or misdoings of another[.]" Va. Code. § 11-2(4). In a similar case, where the president of a corporation personally agreed to pay the corporation's existing obligations to the plaintiffs, the contract was found to be unenforceable. Mid-Atlantic Appliances v. Morgan, 73 S.E.2d 385, 388–89 (Va. 1952); see also Pierside, 423 F. Supp. at 969–70 (finding the oral assurance to answer for the debt of another to fall outside the New York and Florida Statute of Frauds).

However, the Statute of Frauds is an affirmative defense, and courts are split on how to handle a default judgment motion on a contact when the Statute of Frauds looms as a potential barrier to recovery.

One approach has been to consider the Statute of Frauds defense waived because it is an

affirmative defense, and the defendant failed to plead it. See, e.g., Pavao v. Camara, Civil Action No. 12-11028, 2014 WL 2453090, at *2 (D. Mass. May 29, 2014) (citing McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 505 (1st Cir. 1996)); Sanshuck v. Guzman, No. 1:08cv2318, 2010 WL 2853748, at *1 n.2 (N.D. Ohio July 19, 2010) (citing TCP Indus., Inc. v. Uniroyal, Inc., 661 F.2d 542, 547 (6th Cir. 1981)).

A second approach has been to consider the defense as a factor in considering the default judgment motion. See Martino v. Chapman, No. CV 06-2407, 2008 WL 110948, at *2 (D. Az. Jan. 8, 2008) (considering the Statute of Frauds defense as a factor in ultimately declining to enter a default judgment). However, Martino relied on the Ninth Circuit's seven-prong test in reaching its decision. Id. at *1. This test has been considered by a sister court in this district, but has not been adopted by the Fourth Circuit. Berthiaume v. Doremus, 998 F. Supp. 2d 465, 470 n.6 (W.D. Va. 2014).

The third approach, taken by district courts in New York, has been to deny default judgment when the pleadings did not enable it to determine whether the oral contract fell outside the Statute of Frauds. See, e.g., Barbosa v. Jastrzab, No. 1:08cv857, 2009 U.S. Dist. LEXIS 26323, at *6–7 (N.D.N.Y. Mar. 30, 2009); Gabr Intern. Trading Corp. v. Birdsall, No. 07-CV-4310, 2009 WL 595605, at *2 (E.D.N.Y. Mar. 6, 2009).

This Court believes the second approach comports most with Fourth Circuit precedent. The Fourth Circuit has held that failure to raise an affirmative defense at the pleading stage does constitute a waiver of such defense. S. Wallace Edwards & Sons, Inc. v. Cincinnati Ins. Co., 353 F.3d 367, 373 (4th Cir. 2003). In Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656–57 (4th Cir. 2006), the Fourth Circuit vacated a district court opinion that raised a statute of limitations defense sua sponte. Similar to this case, the district court in Johnson was faced with a default judgment

motion. Id. at 651. While noting that certain affirmative defenses implicate important institutional interests that can appropriately be considered sua sponte, in an "ordinary civil case" such considerations are absent when addressing the statute of limitations. Id. at 657. Such interests include the need to manage the Court's docket and to ensure that the Court is not used as an instrument of fraud or deceit. Id. at 654. Similarly, raising the affirmative defense of the Statute of Frauds does not implicate these important institutional concerns.

Accordingly, the Court **GRANTS** the Motion as to Count Two.

### c. Prejudgment Interest

Because Count Two is cognizable under the Court's supplemental jurisdiction, any right to prejudgment interest is determined under Virginia law. See Wells Fargo Equip. Fin., Inc. v. State Farm Fire and Cas. Co., 823 F. Supp. 2d 364, 366 (E.D. Va. 2011) (applying Virginia prejudgment interest statute in a diversity case). Under Virginia law, if a contract does not fix an interest rate, the Court shall apply the rate of six percent per annum to calculate prejudgment interest. Va. Code §§ 6.1-330.54 and 8.01-382. Moreover, the decision to award prejudgment interest is within the sound discretion of the trial court. Wells Fargo, 823 F. Supp. 2d at 366; see also Va. Code. § 801-382. In exercising this discretion, the Court must balance "the equities in a particular case to determine whether an award of prejudgment interest is appropriate." Moore Bros. Co. v. Brown & Root, Inc., 207 F.3d 717, 727 (4th Cir. 2000). This balance includes the existence of a bona fide dispute, id. at 727, and Chaklos has not disputed liability in this litigation. Accordingly, an award of prejudgment interest is appropriate in this case.

However, Plaintiff did not allege in the Amended Complaint what date the guarantee was made, alleging only "early 2013." Am. Compl. ¶ 22. Thus, the Court does not have a certain date upon which to award prejudgment interest to Plaintiff. Because the only certain date before

7

the Court as to Count Two is the date of filing of the original Complaint, the Court will assess prejudgment interest on Chaklos running from November 18, 2013.

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion, Doc. 17.

The Clerk is **DIRECTED** to enter judgment against Defendant Chaklos in the amount of $36,975, plus prejudgment interest from November 18, 2013, along with post judgment interest in accordance with 28 U.S.C. § 1961.

Plaintiff **SHALL** file a status report within fourteen (14) days of the entry of this Order concerning the status of Defendant Delta's bankruptcy.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

Date: December 12th, 2014