IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**CHESAPEAKE BAY DIVING, INC.,**

**Plaintiff,**

v.  Civil Action No. 2:13cv640

**DELTA DEMOLITION GROUP, INC., ET AL.,**

**Defendants.**

## OPINION & ORDER

This matter is before the Court on Plaintiff Chesapeake Bay Diving, Inc.'s ("Plaintiff" or "Chesapeake") Motion for Default Judgment ("Motion"). Doc. 25. Defendant Delta Demolition Group, Inc. ("Defendant" or "Delta") failed to answer after its petition in bankruptcy, which stayed the action, was denied and the stay lifted on December 31, 2014. Doc. 20. Default was entered against Defendant Delta on April 6, 2015. Doc. 24. Plaintiff moved for default judgment on May 7, 2015. Doc. 25. Defendant has not made an appearance in or attempted to defend this action.[1] For the reasons set forth herein, the Court **GRANTS** Plaintiff's Motion.

## I. BACKGROUND

On November 18, 2013, Plaintiff filed a Complaint alleging that Defendants Delta and Lee Chaklos ("Chaklos") (collectively, "Defendants") breached a maritime contract by failing to pay for diving services related to a salvage operation for the barge BECKY THATCHER. Compl. at 2. Defendants were served on December 5, 2013, Docs. 4, 5, and neither Defendant filed an answer following service. Accordingly, the Clerk first entered default against Defendants on February 11, 2014. Doc. 7. Plaintiff filed its first Motion for Default Judgment

---

[1] On April 24, 2014, Defendant filed a letter with attachments informing the Court that it has filed for bankruptcy on March 14, 2014. Doc. 9. Defendant, however, did not enter a notice of appearance in this action.

on March 5, 2014. Doc. 8. Plaintiff then filed an Amended Complaint on May 7, 2014, Doc. 11, and as such, the Court removed the entries of default and dismissed the first Motion for Default Judgment without prejudice. Doc. 12. After Chaklos was served and failed to answer the Amended Complaint, the Clerk entered default against only Chaklos on June 17, 2014.[2] Doc. 16. A second Motion for Default Judgment against only Defendant Chaklos was filed on June 24, 2014. Doc. 17. Chaklos failed to respond, and the Court granted Default Judgment against him on December 12, 2014. Doc. 18.

On January 9, 2015, the Court Ordered Plaintiff to serve a copy of the Amended Complaint on Defendant Delta, as Delta was denied a discharge in bankruptcy proceedings and the automatic stay had been lifted as of December 31, 2014. Doc. 21. Plaintiff served Delta in the following three ways: (1) Service on Delta's former registered agent, Domozick Law Firm, on January 13, 2015, which was refused on the ground that the firm was no longer Delta's registered agent; (2) Post service at the last known address of Delta, 2700 Broad Bay Road, Virginia Beach, Virginia, 23451, on January 13, 2015; and (3) Post service at an alternative last known address of Delta, 5701 Thurston Avenue, Ste. 104, Virginia Beach, Virginia, 23455, on January 20, 2015. Doc. 25 at 2. The posted summons was filed with the Court on March 11, 2015. Doc. 22. Defendant failed to answer and has not made an appearance in this action. Plaintiff claims Delta is liable on Count I of the Amended Complaint, which alleges breach of maritime contract with damages in the principle amount of $ 36,975.00. Am. Compl. at 3; Doc. 25 at 4.

---

[2] Defendant Delta was in bankruptcy at the time of the first entry of default, and thus this litigation was subject to the automatic stay.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment. Subsection (a) calls for an entry of default when a party has failed to file a responsive pleading "or otherwise defend" the action within the applicable time limit. Fed. R. Civ. P. 55(a). The entry of default does not automatically entitle a party to a default judgment; rather, subsection (b) requires the Court take final action following entry of default by the Clerk. Fed. R. Civ. P. 55(b). The decision whether or not to grant a motion for default judgment rests with the sound discretion of the court. See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980). Further, "[D]efendant, by his default, admits the plaintiff's well-pleaded allegations of fact[.]" Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). However, the Court is still required to "determine whether the well-pleaded allegations in [the] complaint support the relief sought in this action." Ryan, 253 F.3d at 780.

## III. ANALYSIS

### A. Jurisdiction

In order for the Court to enter judgment it must have jurisdiction. As the amount in controversy in this matter is not sufficient to establish diversity jurisdiction, the contract in question must be a maritime contract. Contracts like the one in this case have routinely been held to be maritime contracts so as to implicate the Court's admiralty jurisdiction. See, e.g., Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel or Vessels, 636 F.3d 1338, 1340 (11th Cir. 2011) (finding contract to provide research to assist the recovery of a sunken vessel to be maritime); Williamson v. Recovery Ltd. P'ship, 542 F.3d 43, 49 (2d Cir. 2008) (finding a contract related to the recovery of a shipwreck to be a maritime commercial

3

venture); Cont'l Cas. Co. v. Canadian Universal Ins. Co., 605 F.2d 1340, 1343 (5th Cir. 1979) (finding a contract for diving services to be a maritime contract). Accordingly, the Court **FINDS** it has admiralty jurisdiction over the matter and is permitted to enter judgment.

**B. Breach of Contract**

At the request of Defendant Delta, in November 2012 Plaintiff performed a salvage survey and provided other diving services to the BECKY THATCHER, Defendant's barge anchored near Neville Island, Pennsylvania. Am. Compl. at 2. Firstly, Plaintiff's dive team inspected the barge, and an invoice dated November 12, 2012 in the amount of $5,750.00 was sent to Delta for these services. Id. at 3. Secondly, between November 11 and November 20, 2012, Plaintiff performed various diving and salvage services to the barge, and an invoice dated November 23, 2012 in the amount of $31,225.00 was sent to Delta for these services. Id. Plaintiff alleges it has not received payment on either invoice and that at no time did Defendants complain about these invoices or the work performed. Doc. 25, Ex. 1 at 2.

"Under Virginia Law, a breach of contract requires (1) a legally enforceable obligation, (2) the defendant's material breach of that obligation, and (3) damage to the plaintiff caused by the breach of that obligation." Vienna Metro LLC v. Pulte Home Corp., 786 F. Supp. 2d 1076, 1086 (E.D. Va. 2011) (citing Filak v. George, 594 S.E.2d 610, 614 (2004)).[3] In order to enter default judgment against Defendant Delta, the allegations in Plaintiff's complaint must satisfy each of these three elements. Firstly, it must be determined if there is a legally enforceable obligation. In the absence of an express contract, it is well established that "when one person renders services for another which are requested and accepted by him, the law creates an

---

[3] Although Virginia law likely applies to the present dispute, even if Pennsylvania law applies, the elements for breach of contract are the same. In Pennsylvania, a plaintiff must show that "there was a contract, the defendant breached it, and plaintiffs suffered damages from the breach." McShea v. City of Philadelphia, 995 A.2d 334, 340 (Pa. 2010).

4

obligation, which is an implied-in-law contract, on his party to pay a reasonable compensation." Humphreys Railways, Inc. v. F/V Nils S, 603 F. Supp. 95, 98 (E.D. Va. 1984).

In the Amended Complaint, Doc. 11, Plaintiff alleges that Chesapeake performed the services at issue at the request of Defendant Delta, that the President of Delta stated he would make certain Chesapeake was paid for the services, and that the value of the services rendered is $36, 975.00, as itemized in the invoices. Am. Compl. at 2–4, Ex. 1, 2. Accordingly, this Court **FINDS** that there was a legally enforceable contractual obligation between Plaintiff and Defendant Delta. Secondly, it must be determined if the breach of contract was material. A breach is considered material "when the nonbreaching party did not receive the substantial benefit of its bargain." U.S. ex rel. Virginia Beach Mech. Serv., Inv. V. SAMCO Const. Co., 39 F. Supp. 2d 661, 670 (E.D. Va. 1999). Here, Plaintiff alleges that Defendant has failed to pay all monies due for the services rendered; consequently, Plaintiff has received no benefit to its bargain and has suffered damages in the amount of $36,975.00, exclusive of interest and costs. The well plead allegations of Plaintiff's Amended Complaint, therefore, support the relief sought in this action.

## C. Pre-Judgment Interest

In its Motion, Plaintiff seeks prejudgment interest from the date of the invoices and post-judgment interest in accordance with Title 28, United States Code, Section 1961. Doc. 25 at 4. Under Virginia law, if a contract does not fix an interest rate the Court shall apply the rate of six percent per annum to calculate prejudgment interest. Va. Code §§ 6.1-330.54 and 8.01-382. Moreover, the decision to award prejudgment interest is within the sound discretion of the trial court. Norfolk Shipbuilding & Drydock Corp. v. M/Y La Belle Simone, 537 F.2d 1201, 1204 (4th Cir. 1976) (stating that an award of prejudgment interest is appropriate in admiralty actions);

see also Va. Code. § 801-382. In exercising this discretion, the Court must balance "the equities in a particular case to determine whether an award of prejudgment interest is appropriate." Moore Bros. Co. v. Brown & Root, Inc., 207 F.3d 717, 727 (4th Cir. 2000). This balance includes the existence of a bona fide dispute, id. at 727, and Delta has not disputed liability in this litigation. Accordingly, an award of prejudgment interest is appropriate in this matter.

Although Plaintiff is seeking pre-judgment interest from the dates certain as specified on the invoices, November 12 and November 23, 2012 respectively, it does not alleged when the invoices were due and payable. Virginia law specifies that "[a]n agreement to pay money, no time being specified, is held to be an agreement to pay the same on demand." Irwin v. Irwin, 623 S.E.2d 438, 442 n.5 (Va. 2005) (quoting Young v. Ellis, 21 S.E. 480, 482 (Va. 1895)). Plaintiff's President, Aaron Addison, states in his affidavit that the invoices were mailed to Defendant Delta on November 12, 2012 and November 23, 2012. Doc. 25, Ex. 1 at 1. In the interest of justice, this Court will apply the three day mailing presumption as specified for service of pleadings in Federal Rule of Civil Procedure 6(d). November 12, 2012 was a Monday; as such, the invoice is considered to have been received on Thursday, November 15, 2012 and due and payable on that date. November 23, 2012 was a Friday; as such, the invoice is considered to have been received on Monday, November 26, 2012 and due and payable on that date.

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion, Doc. 25.

The Clerk is **DIRECTED** to enter judgment, jointly and severally, against Defendant Delta in the amount of $36,975.00, plus prejudgment interest at six percent per annum from November 15, 2012 on the first invoice and November 26, 2012 on the second invoice, along with post judgment interest at the federal rate in accordance with 28 U.S.C. § 1961.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 22, 2015

